UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LANCESOFT, INC. | : | |
|     Plaintiff | : | CIVIL ACTION NO. |
| | : | |
| v. | : | |
| | : | |
| ANNIEA COWIE, | : | |
|     Defendant | : | AUGUST 1, 2022 |

**Jury Trial Demanded**

## COMPLAINT

Plaintiff, LanceSoft, Inc. brings this action against the Defendant, Anniea Cowie, seeking damages for conversion, statutory theft, unjust enrichment, fraud, and negligent misrepresentation.

### *PARTIES*

1. The Plaintiff, LanceSoft, Inc. ("LanceSoft"), is a corporation organized under the laws of the State of Virginia, with a principal place of business located at 2121 Cooperative Way, Suite 130, Herndon, Virginia, 20171.

2. Defendant, Anniea Cowie, is a citizen of the State of Connecticut, and a former employee of LanceSoft.

3. At all times relevant to this action, LanceSoft, a staffing services company, employed Defendant in the position of Registered Nurse - Supervisor on a project at a healthcare facility located in Vernon, Connecticut and run by Genesis Healthcare LLC ("Genesis").

### *JURISDICTION AND VENUE*

4. Diversity jurisdiction over the subject matter of this litigation exists under 28 U.S.C. § 1332.

5. Specifically, diversity of citizenship exists because the Plaintiff is a citizen of Virginia and the Defendant, upon information and belief, is domiciled in and a citizen of Connecticut.

6. Additionally, the amount in controversy exceeds $75,000.00, exclusive of interest and costs, as set forth below.

7. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(2), as the Defendant resides in the District of Connecticut and the unlawful conduct complained of herein took place within the District of Connecticut.

## *STATEMENT OF FACTS*

8. On or around July 1, 2021, LanceSoft hired Defendant to work on a project at Genesis.

9. Defendant was to be paid an hourly rate of $63.00 by LanceSoft for her time spent working at Genesis.

10. In connection with her employment, Defendant was to report her time worked at Genesis via timesheet submissions to LanceSoft on a weekly basis.

11. These timesheets were required for LanceSoft to determine how much to pay Defendant through its payroll process.

12. LanceSoft would then pay Defendant through its weekly payroll process based upon the timesheet she submitted to LanceSoft.

13. At all times relevant hereto, LanceSoft maintained a policy regarding "Submitting your Time."

14. The "Submitting your Time" policy appears in Defendant's Employee Handbook.

15. At all times relevant hereto, Defendant was aware of Defendant's Employee Handbook and had signed an Employee Handbook Acknowledgement.

16. Defendant digitally signed the Employee Handbook Acknowledgement on July 1, 2021.

17. The Employee Handbook Acknowledgement provided that Defendant would be required to follow all of LanceSoft's policies and procedures, and to abide by the law and act with the highest level of ethics, honesty, and integrity.

18. The Acknowledgement also provided that Defendant agreed to "record all actual hours worked, no more and no less, and submit my total hours worked to LanceSoft Inc within the time requirements."

19. The last day that Defendant performed work for Genesis was on September 9, 2021.

20. After her last day working at Genesis, Defendant did not notify Plaintiff that she was no longer working at Genesis, but rather continued to submit unauthorized timesheets to LanceSoft that falsely represented that Defendant continued to work at Genesis.

21. However, Defendant never reported to work at Genesis after September 9, 2021, and no timesheets submitted for work after that date were authorized by Genesis.

22. LanceSoft, unaware that Defendant ceased working at Genesis, continued to process Defendant's unauthorized timesheets and rendered payment to her.

23. Defendant continued to submit unauthorized timesheets to LanceSoft through January 22, 2022.

24. Between September 9, 2021 and January 22, 2022, Defendant was paid a total sum of $60,565.05 to which Defendant was not entitled.

25. LanceSoft sent a letter to Defendant on or around April 14, 2022, asking for Defendant to return the sum of $60,565.05, which belongs to LanceSoft.

26. Defendant never responded to LanceSoft's letter.

## *FIRST COUNT*
**(CONVERSION)**

Plaintiff hereby repeats and realleges paragraphs 1 through 26 as if more fully set forth herein.

27. Defendant submitted her timesheets in violation of company policy and/or her agreement to act in accordance with company policy, applicable law, and acting with the highest level of ethics, honesty, and integrity.

28. Defendant's submission of fraudulent timesheets was unauthorized.

29. Because of Defendant's unauthorized submission of fraudulent timesheets, the money paid to her by LanceSoft through its payroll process belonged to LanceSoft.

30. Defendant has deprived LanceSoft of said moneys for an indefinite period of time by submitting unauthorized, false timesheets.

31. As a result of Defendant's conduct, LanceSoft has been harmed and has suffered financial damages of approximately $60,565.05.

## *SECOND COUNT*
**(CONN. GEN. STAT. § 52-564, STATUTORY THEFT)**

Plaintiff hereby repeats and realleges paragraphs 1 through 31 as if more fully set forth herein.

32. Defendant submitted her timesheets in violation of company policy and/or her agreement to act in accordance with company policy, applicable law, and acting with the highest level of ethics, honesty, and integrity.

33. Defendant's submission of fraudulent timesheets was unauthorized.

34. Because of Defendant's unauthorized submission of fraudulent timesheets, the money paid to her by LanceSoft through its payroll process belonged to LanceSoft.

35.     Defendant has deprived LanceSoft of said moneys for an indefinite period of time by submitting unauthorized timesheets.

36.     Defendant's submission of fraudulent timesheets in this manner, despite not having worked the hours she was representing that she worked, was knowing and intentional.

37.     As a result of Defendant's conduct, LanceSoft has been harmed and has suffered financial damages in the full amount of the payments made to her in connection with the unauthorized, false timesheets submitted by Defendant.

38.     As a result of Defendant's conduct, and pursuant to Conn. Gen. Stat. § 52-564, Defendant is liable to LanceSoft for treble damages of approximately $181,695.15.

### THIRD COUNT
### (UNJUST ENRICHMENT)

Plaintiff hereby repeats and realleges paragraphs 1 through 38 as if more fully set forth herein.

39.     Defendant's submission of unauthorized timesheets in the aforementioned manner unjustly enriched and benefited Defendant in that she received payment for time during which she did not work.

40.     Defendant unjustly has not reimbursed LanceSoft for the payroll payments made to her, despite requests that she do so.

41.     The failure of Defendant to reimburse LanceSoft for her payroll payments was to LanceSoft's detriment in that it has suffered financial damages of approximately $60,565.05 as a result of Defendant's misrepresentations.

## *FOURTH COUNT*
### (FRAUD)

Plaintiff hereby repeats and realleges paragraphs 1 through 41 as if more fully set forth herein.

42. In submitting unauthorized timesheets to LanceSoft for ultimate payroll payment, the Defendant represented that the unauthorized timesheets were made in accordance with company policy and/or her agreement on the submission of accurate timesheets.

43. The Defendant sought payment for her unauthorized timesheets despite knowing that they violated company policy and/or her agreement on the submission of accurate timesheets.

44. The Defendant made the representation that the timesheets were made in accordance with company policy and/or her agreement on the submission of accurate timesheets in order to induce LanceSoft to rely upon it.

45. LanceSoft did rely upon the Defendant's representations.

46. As a result of LanceSoft's reliance, it has suffered damages of approximately $60,565.05.

## *FIFTH COUNT*
### (NEGLIGENT MISREPRESENTATION)

Plaintiff hereby repeats and realleges paragraphs 1 through 46 as if more fully set forth herein.

47. In seeking payment for her unauthorized timesheets, the Defendant negligently misrepresented that the unauthorized timesheets were made in accordance with company policy and/or her agreement on the submission of accurate timesheets.

48. At the time the misrepresentations were made, the Defendant knew or should have known that the unauthorized timesheets violated company policy and/or her agreement on the submission of accurate timesheets.

49. LanceSoft reasonably relied on the Defendant's misrepresentation.

50. As a result of the Defendant's misrepresentation, LanceSoft suffered damages of approximately $60,565.05.

WHEREFORE, Plaintiff claims:

1. Monetary damages;

2. Compensatory damages;

3. Punitive damages;

4. Treble damages under Conn. Gen. Stat. § 52-564;

5. Costs;

6. Pre and post judgment interest; and

7. Such other further relief as the Court may deem just and proper.

        THE PLAINTIFF,
        LANCESOFT, INC.

By: *Justin Theriault*
    Justin Theriault (ct 28568)
    justin.theriault@jacksonlewis.com
    Eric Jepeal (ct 31288)
    eric.jepeal@jacksonlewis.com
    Jackson Lewis P.C.
    90 State House Square, 8th Floor
    Hartford, CT 06103
    P: (860) 522-0404
    F: (860) 247-1330
    Juris No. 409670
    Its Attorneys

## **CERTIFICATION OF SERVICE**

I hereby certify that on August 1, 2022, a copy of the foregoing was filed electronically. A copy has been served via first-class mail, postage prepaid, to all parties of record as follows:

>Anniea Cowie
>131 Downey Drive, B
>Manchester, CT 06040

>*/s/ Eric J. Jepeal*
>Eric J. Jepeal

4886-1989-0982, v. 3